ZYGMUND TOPOLEWSKI, . PLAINTIFF-APPELLEE, v, EU-
PHINA DISZYNSKI, DEFENDANT-APPELLANT.

Submitted February term, 1924—Decided May term, 1924.

**Alienation of Wife's Affections—Conversation in Polish Heard by Witness who Could Testify in English—Not Necessary to have Interpreter Sworn.**

On appeal from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Alexander Simpson*.

For the appellee, *Butler & Butler*.

PER CURIAM.

This was a suit brought by the plaintiff against his mother-in-law, to recover compensation for the alienation of the affections of his wife, and the deprivation of her society and fellowship. The trial resulted in a verdict in favor of the plaintiff, the damages awarded being $500.

It is first argued. that the judgment entered on the verdict should be reversed, because the trial judge erroneously refused to nonsuit and. direct a verdict. The argument in support of this contention is based upon an erroneous view of the testimony.

It is contended that there was no evidence to show that anything done by the defendant resulted in alienating the affections of the plaintiff's wife; and that if her affections were alienated, it was due to the plaintiff's own conduct towards his wife, or the wife's dislike of the plaintiff, for which defendant was not responsible. This manifestly is opposed to the testimony of the plaintiff himself, and at least three

witnesses substantiating his claim. The motions to nonsuit and to direct a verdict were therefore properly denied.

It is argued finally, that improper evidence was admitted for the plaintiff over the objection of the defendant. Wanda Topolewski, the plaintiff's sister, was called to testify with relation to a conversation in Polish between her mother and the defendant, at which she was present. She testified that she was familiar with the Polish language, and was permitted to state in English what the conversation was. Objection was made to her doing this, on the ground that the only proper way was to have an interpreter sworn, to have the witness testify in Polish, and then have the interpreter translate. We know of no rule of procedure requiring the adoption of such a course, and at most the matter was entirely in the discretion of the court. 22 *C. J.* 301, and cases. 10 *R. C. L.* 930, and cases.

The judgment will be affirmed.